# 1. STATE COURT DOCKET SHEET

**HCDistrictclerk.com**      SOFIDIYA, ITUNU vs. TEXAS SOUTHERN                 6/20/2019
UNIVERSITY
Cause: 201926904      CDI: 7      Court: 190

**DOCUMENTS**

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 85756449 | Defendants' Original Answer and Affirmative Defenses | | 06/17/2019 | 4 |
| 85493047 | Citation | | 05/22/2019 | 1 |
| 85493048 | Citation | | 05/22/2019 | 1 |
| 85127937 | Civil Process Pick-Up Form | | 04/18/2019 | 1 |
| 84829071 | ORIGINAL PETITION AND REQUEST FOR DISCLOSURE | | 04/16/2019 | 12 |

# 2. ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

4/16/2019 1:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32828077
By: C Ougrah
Filed: 4/16/2019 1:54 PM

# 2019-26904 / Court: 190

CAUSE NO._____

ITUNU SOFIDIYA                          HARRIS COUNTY DISTRICT
COURT
 Plaintiff,

                                        ____TH JUDICIAL DISTRICT

vs.

TEXAS SOUTHERN UNIVERSITY
AND THURGOOD MARSHALL
SCHOOL OF LAW                           HARRIS  COUNTY,  TEXAS
Defendant,

## **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, Itunu Sofidiya and files this her Original Petition

and Request for Disclosure seeking redress for the denial of equal pay, benefits for

herself, a female Librarian and professor(s) at Texas Southern University and

Thurgood Marshall School of Law.  And for retaliation with the threat of firing her

for demanding equal wages, benefits and rights for herself and other women during

her employment at Texas Southern University ending in 2018 with her constructive

discharge.

## **I.  JURISDICTION AND VENUE**

1

1.   This Court has jurisdiction under the Texas Labor Code, Chapter 21, et. seq..

2.   Plaintiff was employed by Texas Southern University Law school in Houston, Harris County, Texas, and many of the discriminatory acts occurred there. TSU's main campus and management is located in Harris, County, Texas.

3.   Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. Venue in Harris County is provided by the Texas Education Code, Section 106.38.

4.   All prerequisites for filing suit have been satisfied.

## II. PARTIES

4.   Plaintiff, Itunu Sofidiya was a resident of Houston, Texas. Currently is a resident of Maryland. Professor Sofidiya has devoted years to the development of Texas Southern University, Thurgood Marshall School of Law. She was constructively discharged from her Librarian/teaching position because the University refused to compensate her like it does males, for her dual roles as a librarian and professor teaching.

5.   Defendant, Texas Southern University ("TSU") is a coeducational statewide general purpose institution of higher education located in Houston, Harris County,

Texas. It may be served by serving its University President, Dr. Austin A. Lane, at

3100 Cleburne Street, Suite 220, Houston, Texas 77004 or where he may be found.

Defendant, Thurgood Marshall School of Law ("TMSL") is a coeducational

statewide general purpose institution of higher education located in Houston,

Harris County, Texas. It may be served by serving its University President, Dr.

Austin A. Lane, at 3100 Cleburne Street, Suite 220, Houston, Texas 77004 or

where he may be found.

## III. NATURE OF THE SUIT

6.      This is a retaliation and Texas Equal Pay Act suit against a University and

Law school (Texas Southern University and Thurgood Marshall School of Law

respectively) based on the paying of  worker(s)  (Librarian) of different gender

(females) at a lower and different rates "for equal work on jobs" that "require equal

skill, effort, and responsibility, and which are performed under the same or similar

working conditions. Ms. Sofidiya brings this suit seeking equality at the university

and law school: equal wages, bonuses, life insurance, vacation, holiday pay, and

benefits for herself and female law professors, as compared to male law professors.

3

## IV. BACKGROUND FACTS

7.   In 2012, Itunu Sofidiya was hired by Texas Southern University as an Adjunct Professor to teach a Legal Research course and  she received a job offer and a job description for this position. Sometime in 2013, she received a second job offer and job description for a Librarian position. She accepted the Librarian position and consistent with established practice/policy she received additional and separate compensation for teaching the Legal Research course. The practice/policy of receiving additional compensation for teaching is verifiable by reviewing the salary and compensation history of Mr. Danyahel "Danny" Norris, Associate Director of the Law Library and Sofidiya immediate supervisor.


8.   In 2016-2017, the American Bar Association issued censures against TMSL for violation of gender anti-discrimination accreditation standards as well as academic standards. In June 2017, while Dean James Douglas was the interim dean of the law school, the ABA issued to TMSL a written Notice of Censure and Directed   Specific   Remedial   Action   (ABA   Notice   of   Censure). (http:/www.abajournal.com/news/article/texas_southerns-law-school_receives_aba _a-public-censure-involving). In the ABA notice of Censure, the law school was ordered to pay a fine of $15,000 for its substantial and persistent non-compliance

4

with ABA standards prohibiting gender discrimination. . . The ABA also required the law school to post a notice on the law school's website concerning the school's ongoing gender discrimination.

9.   The ABA directed the law school to remedy the unequal pay based on gender. "Despite facing possible revocation of ABA accreditation, Defendant Doulas, while acting as interim dean of the law school, announced in a faculty meeting that the decided that there was no problem with gender discrimination.

10.   The law school has taken no reasonable steps to equalize the salaries of the professors, despite the ABA's specific directive to take immediate steps to equalize salaries"

11. School year 2018, Itunu Sofidiya was denied any compensation for teaching a Legal Research and Writing course(s) while her male counterparts were compensated. Plaintiff required medical care to cope with the working environment.

## V. FIRST CAUSE OF ACTION EQUAL PAY ACT / WAGE DISCRIMINATION AGAINST TSU

11. The preceding paragraphs are fully incorporated as if set forth fully herein.

12. Defendant employs Plaintiff and males in jobs requiring substantially equal skill, effort, and responsibility.

13. The males and Plaintiff perform similar jobs under similar working conditions.

14. Plaintiff is paid less than the male employees doing substantially equal work.

15. Defendant is well-aware of its long history of gender-based discrimination policies, and Defendant's conduct in paying Plaintiff less than males has been intentional and willful.

16. Plaintiff filed internal complaints and dual filed EEOC Charges with the Texas Workforce Commission Civil Rights, asserting rights under the Texas and Equal Pay Act, and was subsequently subjected to adverse action as a result of her complaints, As a direct result of Defendant's discriminatory gender-based pay differences, Plaintiff has suffered damages and injury.

## VI. SECOND CAUSE OF ACTION GENDER DISCRIMINATION

17. The preceding paragraphs are fully incorporated as if set forth fully herein.

18. Defendant TMLS/TSU's conduct violates Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment on the basis of sex.

19. Plaintiff, Itunu Sofidiya is female. She is equally or more qualified than many of the male Librarian/professors position, yet has a lower base salary. Plaintiff also has been denied promotions, and was not paid for teaching Legal Research while her male counterparts were compensated for being both Librarian and Legal Research Instructor, while male professors were treated much more favorably, and received titles and directorships, despite being less qualified and receiving lower scores on evaluations. Gender was a motivating factor in Defendant's adverse treatment of Plaintiff, and Plaintiff has suffered damages and other injury as a result.

20.   Plaintiff timely met all filing prerequisites and filed  this lawsuit timely.

## VII. THIRD CAUSE OF ACTION RETALIATION

21.  The preceding paragraphs are fully incorporated as if set forth fully herein. Plaintiff voiced her desire to no longer instruct the Legal Research Course when it was made clear in writing, that the University was refusing to pay her as they had previously done.

22.  Plaintiff wished to continue working as a Librarian, but no longer desired to teach without pay.

7

23. At that time, then Interim Dean James Douglass threatened Plaintiff with termination if she did not continue to teach without being paid for teaching.

## VII . FOURTH CAUSE OF ACTION HOSTILE WORKING ENVIRONMENT

24. The preceding paragraphs are fully incorporated as if set forth fully herein. The abusive treatment caused Plaintiff to seek medical care and treatment to cope with the hostile working environment/ Plaintiff voiced her desire to no longer instruct the Legal Research Course when it was made clear in writing, that the University was refusing to pay her as they had previously done.

25. Plaintiff wished to continue working as a Librarian, but no longer desired to teach without pay. The conditions at TSU became so intolerable that a reasonable person could not function as a Librarian and Professor under the hostile working conditions.

26. At that time, then Interim Dean James Douglass threatened Plaintiff with termination if she did not continue to teach without being paid for teaching. Plaintiff health took a downward spiral as she worked at TSU.

8

27.   Plaintiff ailing health caused by the abusive and hostile treatment resulted in her being forced out of the law school and is now working at a prestigious university law school where women are treated with the utmost dignity and respect.

## CONCLUSION AND   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Itunu Sofidiya respectfully pray that Defendants, be summoned to appear and answer herein, and that upon a final hearing of this cause, that judgment be entered for the Plaintiff and against Defendants for all damages requested herein, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which Plaintiff may possibly be entitled at law or in equity. Punish each individual Defendants, and deter others from engaging in similar conduct;

a) For an award of damages to compensate Plaintiff for her economic losses, per pay check, including backpay, lost wages, and  other lost benefits of employment, and for emotional distress and physical discomfort and   Back Pay, the difference in what Plaintiff earned and what she should have been paid;

b)  Liquidated damages , an amount awarded that's equal to the amount of back pay she receive;

c) The university be required to raise the wages of all other female employees in the same or similar position and award them back pay;

d)  For an award of injunctive relief providing Plaintiff with fair and equal compensation in the future.  Equitable relief, including, without limitation, that Texas Southern University be made to apologize and to promulgate, adopt, train, maintain and enforce appropriate policies to prevent future instances of the type of misconduct described herein; Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.;

e) For injunctive relief prohibiting unlawful conduct in the future and compelling Plaintiff to have a title restored or for an increased base pay in the same amount;

f) For an award of prejudgment interest on the amounts owed at the maximum rate allowed by law;

g) For an award of costs of this action, together with reasonable attorney's fees and expert witness fees;

h) For an award of post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

i) For such other and further relief as the court deems just and proper.

Equitable relief, including, without limitation, that Texas Southern University be made to apologize and to promulgate, adopt, train, maintain and enforce appropriate policies to prevent future instances of the type of misconduct described herein; Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure Rule 194 Defendant are requested to disclose, within 30 days of service of this request , the information or material described in Rule 194.2, 194.2(a), © and (f) ,or 194.2 (d)-(g).

## JURY DEMAND

Plaintiff, Itunu Sofidiya demands a trial by jury in accordance with the Seventh Amendment to the U.S. Constitution, and other federal law including Federal Rule of Civil Procedure Rule 38.

LAW OFFICE OF DEBRA V. JENNINGS

*/s/ Debra V. Jennings*

SBN: 10631850
Debra V. Jennings
Law Office of Debra V. Jennings
Debra V. Jennings
lawyerdvj@gmail.com
14090 Southwest Frwy, #300
Sugar Land, Texas 77478
Telephone (832) 904-4666
Facsimile: (1832) 442-3700
*ATTORNEY FOR PLAINTIFF*

12

# 3. CIVIL PROCESS PICK-UP FORM





# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

CAUSE NUMBER: *2019-26904*

ATY __0__          CIV _____        COURT __190__

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: *Jennings Nelson*        * PH: *833-230-4455* |
| *CIVIL PROCESS SERVER: _____ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: *Wilcenna J. Nelson* |
| * NOTIFIED BY: WC _____ |
| *DATE: *4-18-19* |

| Type of Service Document: *Cit* | Tracking Number *73614984* |
|---|---|
| Type of Service Document: | Tracking Number |
| Type of Service Document: *Cit* | Tracking Number *73614985* |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |

Process papers prepared by: **WANDA CHAMBERS**_____

Date: *4* / *18* /2019          30 days waiting *5* / *18* /2019 _____

| *Process papers released to: *Debra Jennings* |
|---|
| *(PRINT NAME)* |
| *832-904-4160* |
| *(CONTACT NUMBER)*              *(SIGNATURE)* |
| *Process papers released by: *L. Thomas* |
| *(PRINT NAME)* |
| Lisa Thomas |
| *(SIGNATURE)* |
| * Date: *5/6/19* , 2019   Time: *3:30*   AM / PM |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**Entire document  must be completed**   (do not change this document)  Revised 1/3/2019

# 4. CITATION - THURGOOD MARSHALL SCHOOL OF LAW



CAUSE NO. 201926904

RECEIPT NO.      0.00     ATY
       *********     TR # 73614984

| | |
|---|---|
| PLAINTIFF: SOFIDIYA, ITUNU<br>     vs.<br>DEFENDANT: TEXAS SOUTHERN UNIVERSITY | In The     190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, Tx |

**FILED**
Marilyn Burgess
District Clerk

MAY 22 2019

Time: _____
Harris County, Texas
By _____
            Deputy
Lisa Thomas
5·22·19

CITATION

THE STATE OF TEXAS
County of Harris

TO: THURGOOD MARSHALL SCHOOL OF LAW BY SERVING ITS UNIVERSITY PRESIDENT
DR AUSTIN A LANE
OR WHERE HE MAY BE FOUND
3100 CLEBURNE STREET SUITE 220    HOUSTON TX 77004
Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>16th day of April, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 18th day of April, 2019, under my hand and seal of said Court.

Issued at request of:
JENNINGS, DEBRA VERA
6140 HWY 6 #269
MISSOURI C, TX 77459
Tel: (832) 230-4455
Bar No.: 10631850

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA ULW//11208830

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _10:30_ o'clock _A_.M., on the _21st_ day of _May_ , _2019_ .
Executed at (address) _3100 Cleburne St. Suite 330, Houston Tx 77004_ in
_Harris_ County at _11:15_ o'clock _A_ .M., on the _21st_ day of _May_ ,
_2019_ , by delivering to _Kendriv Patterson Authorized Person Above_ defendant, in person, a
_to Accept Service for Dr Austin A Lane_
true copy of this Citation together with the accompanying _1_ copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _21st_ day of _May_ , _2019_ .

FEE: $ _____

_____
_____ of _____ County, Texas
Eric Silva Salazar
By _PSC# 5938_ ~~Agent~~ Exp 10-31-2020
         ~~Deputy~~

_____
Affiant

On this day, _Eric Silva Salazar_ , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _22nd_ day of _May_ , _2019_ .

_Dalia E McKinney_
Notary Public

DALIA EVETTE MCKINNEY
Notary Public, State of Texas
Comm. Expires 10-10-2021
Notary ID 131311141

N.INT.CITR.P

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

*73614984*

# 5. CITATION - TEXAS SOUTHERN UNIVERSITY

CAUSE NO.   201926904

RECEIPT NO.                    0.00        ATY
          **********          TR # 73614985

| | |
|---|---|
| PLAINTIFF: SOFIDIYA, ITUNU<br>              vs.<br>DEFENDANT: TEXAS SOUTHERN UNIVERSITY | In The    190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, TX |

**FILED**
Marilyn Burgess
District Clerk

MAY 22 2019

Time: _____
Harris County, Texas
By _____ Deputy
Lisa Thomas
5.22.19

CITATION

THE STATE OF TEXAS
County of Harris

TO: TEXAS SOUTHERN UNIVERSITY BY SERVING ITS UNIVERSITY PRESIDENT
DR AUSTIN A LANE
OR WHERE HE MAY BE FOUND
3100  CLEBURNE STREET SUITE 220   HOUSTON TX  77004
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 16th day of April, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 18th day of April, 2019, under my hand and
seal of said Court.

Issued at request of:
JENNINGS, DEBRA VERA
6140  HWY 6 #269
MISSOURI C, TX  77459
Tel: (832) 230-4455
Bar No.: 10631850

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA  ULW//11208830

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 10:30 o'clock A .M., on the 21st day of May , 2019 .
Executed at (address) 3100 Cleburne St. Suite 330, Houston Tx 77004 in
Harris County at 11:15 o'clock A .M., on the 21st day of May ,
2019 , by delivering to Kendric Patterson Authorized Person to Accept defendant, in person, a
Service for Dr. Austin A. Lane
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 21st day of May , 2019 .

FEE: $_____

_____

_____ of _____ County, Texas
By Eric Silva Salazar
PSC #5938 Exp 10-31-2020
Deputy

_____
Affiant

On this day, Eric Silva Salazar , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 22nd day of May , 2019 .

Dalia E McKinney
Notary Public

DALIA EVETTE MCKINNEY
Notary Public, State of Texas
Comm. Expires 10-10-2021
Notary ID 131311141

N.INT.CITR.P

*73614985*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

# 6. DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

6/17/2019 9:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34411411
By: Tammy Tolman
Filed: 6/17/2019 9:07 AM

CAUSE NO. 2019-26904

| | | |
|---|---|---|
| ITUNU SOFIDIYA | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | 190TH JUDICIAL DISTRICT |
| TEXAS SOUTHERN UNIVERSITY | § | |
| AND THURGOOD MARSHALL | § | |
| SCHOOL OF LAW | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Texas Southern University and Thurgood Marshall School of Law ("Defendants"), file this Original Answer and Affirmative Defenses.

## I. GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Defendants deny each and every, all and singular, allegation in Plaintiff's Original Petition, and demands strict proof thereof by a preponderance of credible evidence, if any.

## II. AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses and reserves the right to timely amend their answer to include such additional defenses as they become apparent during the course of this case.

1.    This court lacks jurisdiction over Plaintiff's claims.

2.    Defendants assert the defense of sovereign immunity as to any of

Plaintiff's claims or requests for damages for which there has been no statutory or express waiver.

3.      Defendants assert they had legitimate, non-discriminatory and non-retaliatory reasons for any and all alleged adverse employment actions taken against Plaintiff.

4.      Defendants affirmatively assert that they would have taken the same actions complained of in Plaintiff's Original Petition regardless of any discriminatory or retaliatory motivation (which is denied).

5.      Plaintiff's alleged losses and/or damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions and/or failure to act, and not of the Defendants' conduct, actions or failure to act.

6.      All actions taken by Defendants with respect to Plaintiff were justified, in good faith, and without malice.

7.      Plaintiff failed to exhaust her administrative remedies or meet all conditions precedent and statutory prerequisites prior to filing this lawsuit, if applicable.

8.      Defendants assert that Plaintiff failed to adequately avoid or mitigate her damages, if any.

9.      Defendants assert that Plaintiff's damages are limited by the statutory caps on damages set forth in TEX. LABOR CODE ANN. § 21.2585.

10.     Subject to further discovery, Defendants assert the defense of ratification, waiver, estoppel, and/or laches.

11.     Defendants assert the affirmative defense of limitations to the extent that any of Plaintiff's claims are based upon acts or events which occurred outside of the applicable statute of limitations.

Defendants reserve the right to raise additional affirmative defenses as it becomes apparent during the development of the case.

## PRAYER

ACCORDINGLY, Defendants pray that Plaintiff take nothing by her suit and that Defendants recover all such other and further relief, special or general, at law or in equity, to which they may show themselves justly entitled, including but not limited to attorneys' fees and costs incurred herein.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

*/s/ Natalee B. Marion*
**NATALEE B. MARION**
Texas Bar No. 24075362
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

(512) 463-2120
(512) 320-0667 FAX
natalee.Marion@oag.texas.gov
***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF FILING AND SERVICE

I certify that a true and accurate copy of the foregoing document has been sent

by File & Serve Express on June 17, 2019, to the following:

Debra V. Jennings
LAW OFFICE OF DEBRA V. JENNINGS
14090 Southwest Frwy, #300
Sugar Land, Texas 77478
lawyerdvj@gmail.com
***Attorney for Plaintiff***

*/s/ Natalee B. Marion*
**NATALEE B. MARION**
Assistant Attorney General